UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TERRI L. RENFROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV02295JCH |
| | ) | |
| THE SANBORN MAP COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Sanborn's Partial Motion to Dismiss ("Motion") (Doc. No. 3). This matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Terri L. Renfrow began her employment with Defendant on October 23, 2000 as an Office Manager/Accountant. (Doc. No. 4-1). Renfrow later worked as a Senior Administrative Coordinator, until her employment was terminated on January 8, 2010. (Id.; Complaint ("Compl."), ¶¶2, 4). Plaintiff alleges that she was discriminated against from January 1, 2004, until her termination, based upon her gender (female), race (white), and age, and that she was retaliated based upon her complaints of discrimination. (Compl., ¶8). On May 17, 2010, Plaintiff timely filed her Charge of Discrimination, alleging discrimination based on sex and age and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). (Doc. No. 4-1). Plaintiff received filed her Notice of Right to Sue on October 13, 2010. (Exhibit to Plaintiff's Complaint).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). The Court must accept "the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The Complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," and the motion must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555) ("more than labels and conclusions ... a formulaic recitation of the elements of a cause of action will not do"). Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft, 129 S. Ct. at 1950 (citing Twombly, 550 U.S. at 556).

## DISCUSSION

Defendant The Sanborn Map Company, Inc. ("Defendant") filed this Motion stating that three of Plaintiff's claims are subject to dismissal under Fed.R.Civ.P. 12(b)(6)--reverse race, national origin and age discrimination. (Motion, ¶3). In response, Plaintiff states that she never alleged a claim for national origin discrimination. (Responsive Brief of Plaintiff to Sanborn's Fed.R.Civ.P. 12(b)(6)

Partial Motion to Dismiss ("Response"), Doc. No. 6, p. 1).[1] The Court herein addresses the Motion with respect to Plaintiff's race and age discrimination claims.

**A.    Race Discrimination**

Title VII plaintiffs are required to exhaust his administrative remedies with the EEOC, or the comparative state agency, before bringing a formal action. Tyler v. Univ. of Ark. Bd. of Trs., 628 F.3d 980, 989 (8th Cir. 2011). "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994)(citing Patterson v. McLean Credit Union, 491 U.S. 164, 180-81, 105 L. Ed. 2d 132, 109 S. Ct. 2363 (1989)). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e-5(b), (c), (e). "Although an EEOC complaint 'need not specifically articulate the precise claim or set forth all the evidence an employee may choose to later present in court,' it must nevertheless 'be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim.'" Fair v. Norris, 480 F.3d 865, 867, n. 2 (8th Cir. 2007) (citing Wallace v. DTG Operations, Inc., 442 F.3d 1112, 1123 (8th Cir. 2006)). The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). The court deems "administrative remedies exhausted as to all incidents of discrimination that are 'like or reasonably related to the allegations of the [administrative] charge.'" Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir. 1994) (quoting Anderson v. Block, 807 F.2d 145, 148 (8th Cir. 1986)). "Thus, the scope of the civil suit

---

[1]Therefore, the Court will not address that claim.

may be as broad as the scope of the [administrative] investigation which could reasonably be expected to grow out of the charge of discrimination." Tart, 31 F.3d at 671 (internal quotations omitted); Nichols v. Am. Nat'l Ins. Co., 154 F.3d 875, 886-87 (8th Cir. 1998).

In Plaintiff's charge of discrimination, she did not check the box identifying that she was complaining of race discrimination. (Doc. No. 4-1). In addition, in the "particulars" section of her charge of discrimination, Plaintiff failed to identify her race or how she was treated differently from other employees based upon her race. (Id.). Plaintiff merely stated that racial slurs about other staff members were made in her presence. (Id.). Plaintiff never clarifies how these alleged slurs discriminated against her based upon her race.

Thus, from the face of the charge of discrimination, it appears that Plaintiff did not raise race discrimination with the EEOC or state enforcement agency. Likewise, Plaintiff's allegations of sex discrimination and retaliation are not sufficiently related to race discrimination to deem that claim exhausted. See Tart, 31 F.3d at 672 (claim of discriminatory discharge based on race does not encompasses a claim of racial harassment); Hollman v. Millstone Bangert, Inc., No. 4:07-CV-1112, 2007 U.S. Dist. LEXIS 71076, at *9-10 (E.D. Mo. Sept. 25, 2007)(plaintiff's charge of discrimination, including claims for sex discrimination and retaliation did not exhaust his claims for race discrimination and harassment). Accordingly, the Court finds that Plaintiff did not exhaust her administrative remedies with respect to her race claim because she failed to allege race discrimination as a basis of charge of discrimination. Plaintiff's claim for race discrimination fails to state a claim as a matter of law, and the Court grants Defendant's Motion to Dismiss Plaintiff's race discrimination claim.

**B.	Age Discrimination**

In its Motion, Defendant asserts that Plaintiff's age discrimination claim fails as a matter of law because Plaintiff does not allege that age was the "but for" cause of her termination. In support of this argument, Defendant notes that Complaint states, "Defendant subjected Plaintiff to [a] hostile and abusive work environment, with the frequency of Defendant's conduct, its severity and pervasive duration, the constantly humiliating nature thereof as well as its interfering with Plaintiff's work performance, **all of which were motivating factors based on Plaintiff's race, gender, age and retaliation**[.]" (Compl., ¶9(s)(emphasis added)).

The ADEA makes it unlawful for an employer to take adverse action against an employee "because of such individual's age." 29 U.S.C. § 623(a)(1). Unlike Title VII, the ADEA does not authorize a mixed-motive age discrimination claim. Gross v. FBL Fin. Servs., 129 S. Ct. 2343, 2350 (2009). That is, a plaintiff may cannot establish discrimination by showing that age was simply a motivating factor. Id., at 2347. "To establish a disparate-treatment claim under the plain language of the ADEA, ... a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." Id., at 2350-51. "The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision." Id., at 2352. "The rule is simply that 'a plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision.'" Baker v. Silver Oak Senior Living Mgmt. Co., L.C., 581 F.3d 684, 688 (8th Cir. 2009)(quotations omitted).

In the Motion to Dismiss, Defendant asserts that Plaintiff has not alleged that age was the "but for" cause of her termination because she pleaded that age was one of several reasons (race, sex, retaliation) that Defendant terminated her employment. (Compl., ¶9(s)). Under Gross and its

progeny, Defendant argues that Plaintiff's age claim must be dismissed for failure to allege that age discrimination was the "but for" cause of her termination. See Culver v. Birmingham Bd. of Educ., 646 F. Supp. 2d 1270, 1271-1272 (N.D. Ala. 2009) ("the court required Culver to choose between his ADEA alternative, which would require him to prove age as the only reason for the adverse employment action, and his Title VII claim"); Speer v. Mountaineer Gas Co., No. 5:06CV41, 2009 U.S. Dist. LEXIS 65088, at *23-24 (N.D. W. Va. July 28, 2009)(dismissing plaintiff's age claim where he also alleged his union activities as a reason for the allegedly discriminatory actions).

In response, Plaintiff cites to Paragraph 9(b) of her Complaint wherein she asserts "that the facts herein **may** be legally mixed motive matters, in which Defendant, through their employees, officers, supervisors, agents servants and independent contractors, used Plaintiff's race, gender, age and retaliation as motivating factors in Defendant's decision to treat Plaintiff different[.]" (Compl., ¶9(b); Response, p. 1 (emphasis added)). Although inarticulately stated, it appears that Plaintiff is arguing that she pled causes of action in the alternative. Response, p. 1 ("Those choices are not only facts but in all likelihood the result of legal discovery, not any part of a Fed.R.Civ.P. 12(b)(6) Motion.").

The Court notes that Gross was not a case involving the sufficiency of an ADEA complaint. Although the ADEA does not authorize a "mixed-motive" age discrimination claim, the Court finds that Gross does not preclude an ADEA plaintiff from pleading alternative theories of relief. Ries v. Winona County, No. 10-1715, 2010 U.S. Dist. LEXIS 90914, at *30-31 (D. Minn. July 28, 2010); Belcher v. Serv. Corp. Int'l, No. 2:07-CV-285, 2009 U.S. Dist. LEXIS 102611, at *8 (E.D. Tenn. Nov. 4, 2009) ("While Gross arguably makes it impossible for a plaintiff to ultimately recover on an age and a gender discrimination claim in the same case, the undersigned does not read Gross as taking away a litigant's right to plead alternate theories under the Federal Rules."); see also King v.

Hardesty, 517 F.3d 1049, 1058 (8th Cir. 2008) ("Therefore, evidence of additional motives, and the question whether the presence of mixed motives defeats all or some part of plaintiff's claim, are trial issues, not summary judgment issues.").[2]

The Plaintiff's Complaint, however, includes unclear allegations that do not enumerate specific counts. Plaintiff also fails to state whether she is pleading in the alternative. Accordingly, this Court dismisses Plaintiff's age claim, without prejudice, and affords Plaintiff ten (10) days to replead her claims. The Court encourages Plaintiff to allege specific counts that correspond to her claims of discrimination (sex, age, retaliation) and to state whether she is pleading in the alternative.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant Sanborn's Partial Motion to Dismiss (Doc. No. 3) is **GRANTED**, in part. Plaintiff is granted **Friday, April 1, 2011**, to file an amended complaint.

Dated this 23rd day of March, 2011.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that there is disagreement regarding whether the "but-for" standard for discrimination under the ADEA applies at the pleading state when a plaintiff has plead alternative theories of liability. See Lowe v. Am. Eurocopter, LLC, 2010 U.S. Dist. LEXIS 133343, at *19-20, n. 5 (N.D. Miss. Dec. 16, 2010)(noting the split among district courts and citing cases).